1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   ELEKTRA ENTERTAINMENT GROUP
7  INC.; UMG RECORDINGS, INC.;
   ATLANTIC RECORDING
8  CORPORATION; SONY BMG MUSIC
   ENTERTAINMENT; and VIRGIN
9  RECORDS AMERICA, INC.

ORIGINAL FILED
FEB 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

SI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and VIRGIN RECORDS AMERICA, INC., a California corporation,

           Plaintiffs,

     v.

JOHN DOE,
           Defendant.

CASE NO. CV 08 1050

**EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

---

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#35740 v1

1  Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe, who is being sued for direct copyright infringement.[1]

As alleged in the complaint, Defendant John Doe, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant John Doe, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant John Doe or pursue their lawsuit to protect their copyrighted works from repeated infringement.

Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#35740 v1

1 | WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2 | foregoing requested discovery immediately.

Dated: February 21, 2008

HOLME ROBERTS & OWEN LLP

By _/s/ Matthew Franklin Jaksa_

MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
ELEKTRA ENTERTAINMENT GROUP INC.;
UMG RECORDINGS, INC.; ATLANTIC
RECORDING CORPORATION; SONY BMG
MUSIC ENTERTAINMENT; and VIRGIN
RECORDS AMERICA, INC.

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   ELEKTRA ENTERTAINMENT GROUP
7  INC.; UMG RECORDINGS, INC.;
   ATLANTIC RECORDING
8  CORPORATION; SONY BMG MUSIC
   ENTERTAINMENT; and VIRGIN
9  RECORDS AMERICA, INC.
10

11                 UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
12                 _____ DIVISION
13

14  ELEKTRA ENTERTAINMENT GROUP INC.,   | CASE NO. cv 08 1050
    a Delaware corporation; UMG RECORDINGS,|
15  INC., a Delaware corporation; ATLANTIC |
16  RECORDING CORPORATION, a Delaware    | [PROPOSED] ORDER GRANTING
    corporation; SONY BMG MUSIC          | PLAINTIFFS' EX PARTE APPLICATION
17  ENTERTAINMENT, a Delaware general    | FOR LEAVE TO TAKE IMMEDIATE
    partnership; and VIRGIN RECORDS      | DISCOVERY
18  AMERICA, INC., a California corporation,|
19
                      Plaintiffs,
20
       v.
21
22  JOHN DOE,
                      Defendant.
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION
Case No. _____
#35742 v1

Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on University of California, Santa Cruz to obtain the identity of Defendant John Doe by serving a Rule 45 subpoena that seeks documents that identify Defendant John Doe, including the name, current (and permanent) address and telephone number, e-mail address, and Media Access Control addresses for Defendant. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

DATED: _____    By: _____
                                      United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION
Case No. _____
#35742 v1